## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG SCOTT, | |
| **Plaintiff,** | |
| v. | **Case No. 3:19-CV-01029-NJR** |
| UNITED STATES, | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Dismiss (Doc. 10) filed by Defendant United States (the "Government"). For the reasons set forth below, the Court denies the motion.

### FACTUAL BACKGROUND

In March 2015, Scott went to the emergency department at Protestant Memorial Medical Center ("Memorial") with a complaint of lower right extremity pain and underwent testing (Doc. 10 at 1). Medical records were sent by the hospital to Scott's primary care provide, Erynn Elleby, M.D. (*Id.* at 2). Dr. Elleby was at that time affiliated with the Belleville Family Health Center ("Belleville Center"), a clinic operated by Southern Illinois Health Care Foundation ("SIHC") (*Id.*). Unfortunately, the fax was in fact sent to a number affiliated with a nurses' station at a clinic operated by the U.S. Air Force ("Air Force Clinic") (*Id.*). Scott's underlying condition went undiagnosed, resulting in a partial amputation of his right leg in July 2015 (*Id.* at 3).

On March 30, 2017, Scott submitted an administrative claim to the Department of Health and Human Services ("HHS"), alleging that employees of the Belleville Family Health Center negligently failed to act when they failed to appropriately care for Scott's circulatory condition and advise him on condition management. *Scott v. United States*, 18-cv-629, Doc. 39-1 at 4 (S.D. Ill.)). HHS acknowledged receipt of the claim by letter dated May 1, 2017, and denied the claim by letter dated July 9, 2018. *Id.* at Doc. 39-2, 39-3.

On March 28, 2018, Scott filed an action under the Federal Tort Claims Act ("FTCA") against the United States in relation to his HHS administrative claim, alleging negligence by unspecified employees of SIHF's Belleville Center, a federally qualified health center. *Id.* at Doc. 1. After answering the complaint, in September 2018 the Government ascertained that Memorial had faxed Scott's records to a number associated with the Air Force Clinic, not the Belleville Center, and that staff at Belleville Center, including Dr. Elleby, had never received the records. *Id.* at Docs. 18, 18-2, 18-6.

Based on this new information, Scott filed an administrative claim with the U.S. Air Force on March 18, 2019 (Doc. 39-4). Scott alleged that the U.S. Air Force failed to properly handle his medical records upon receipt at the Air Force Clinic. In a letter of March 18, 2019, the Air Force acknowledged receipt of the claim and requested additional information, further noting that while it aimed to complete its investigation in six months, it could take longer (Doc. 39-5).

Based on his complaint against the Air Force, Scott filed a new complaint against the United States in this court on April 1, 2019, alleging that the Air Force Clinic owed him a duty of care which it breached by failing to take timely action upon receipt of his

medical records *Scott v. United States*, 19-cv-367-SMY-MAB (S.D. Ill.). Scott voluntarily dismissed that suit and subsequently filed the instant action on September 20, 2019 (Doc. 1).

## LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must assess whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince,* 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly,* courts must still approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir. 2009), *cert. denied,* 558 U.S. 1148 (2010) (quoting *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008)).

## ANALYSIS

### A. Applicable Law

While the FTCA gives federal district courts exclusive jurisdiction over certain tort claims against the United States, that statute "incorporates the substantive law of the state where the tortious act or omission occurred[.]" *Midwest Knitting Mills, Inc. v. United States,* 950 F.2d 1295, 1297 (7th Cir. 1991). Here, the basis for the action occurred in Illinois, and the Seventh Circuit has found that the Illinois statute of repose for patient care claims

("Statute of Repose"), 735 Ill. Comp. Stat. 5/13-212(a), is substantive law barring FTCA medical negligence claims brought more than four years after the alleged act or omission occurred. *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013). However, a different provision, the Illinois savings statute ("Savings Statute"), 735 Ill. Comp. Stat. 5/13-217, provides that if a plaintiff voluntarily dismisses an action, that plaintiff may "commence a new action within one year or within the remaining period of limitation, whichever is greater," from the date of voluntary dismissal.

There is sparse information available on the relation between the Statute of Repose and the Savings Statute. In one noteworthy decision on point, however, the Seventh Circuit weighed in on this question in *Hinkle by Hinkle v. Henderson*, 85 F.3d 298, 300-01 (7th Cir. 1996). Observing that the Illinois legislature intended to create an "unwavering" statute of repose that would further "the goal of certainty in the business of providing health care[,]" the Court considered whether this intent made the purpose of a statute of repose too at odds with the effect of the Savings Statute to permit application of the latter to the former. *Id.* at 303. Ultimately, the Seventh Circuit concluded that "it is clear that no reason exists" why the Savings Statute should not apply to a medical statute of repose, noting that this conditional, short-term extension "does not create the type of indefinite potential liability that [the statute of repose] was designed to abolish[,]" nor does it affect the certainty and predictability that the statute of repose affords defendants where the defendant already knows of the first action and the circumstances of its dismissal.

It is worth noting that the specific provision at issue in *Hinkle* was 735 Ill. Comp. Stat. 5/13-212(b), as opposed to 212(a), which is in question here. Unlike 212(a), 212(b)

involves a special repose period for minors with claims arising from patient care. But the fact that 212(b) involves minors played no role in the Seventh Circuit's discussion in *Hinkle*, and the court made no reference to the Illinois Supreme Court decisions referenced by the Government such as *DeLuna* and *Bruso*, which provide special rules for tolling claims by minors. *Deluna v. Burciaga*, 857 N.E.2d 229, 235-39 (Ill. 2006); *Bruso v. Alexian Brothers Hospital*, 687 N.E.2d 1014, 1017 (1997).

While there is limited case law from Illinois state courts on this issue, the position of the Seventh Circuit in *Hinkle* appears to follow the decisions of the Illinois Appellate Court, which has held repeatedly that the Savings Statute and similar provisions can extend statutes of repose. *E.g.*, *Limer v. Lyman*, 608 N.E.2d 918, 920 (4th Dist. Ill. App. Ct. 1993); *Jain v. Johnson*, 922 N.E.2d 1188, 1193 (2d Dist. Ill. App. Ct. 2010); *O'Brien v. O'Donoghue*, 686 N.E.2d 688, 689-90 (1st Dist. Ill. App. Ct. 1997). As the Seventh Circuit noted in *Hinkle*, 85 F.3d at 300-01, this position follows rulings in a number of other states that "a savings statute does apply to save a cause of action otherwise barred by a medical malpractice statute of repose." *See, e.g., See v. Hartley*, 896 P.2d 1049 (Kan. 1995); *Cronin v. Howe*, 906 S.W.2d 910 (Tenn. 1995); *Vesolowski v. Repay*, 520 N.E.2d 433 (Ind. 1988); *Wade v. Reynolds*, 517 N.E.2d 227 (Ohio Ct. App. 1986); *contra Wright v. Robinson*, 426 S.E.2d 870 (Ga. 1993).

B.   *Discussion*

Based on the case law discussed above, the Court's analysis of this motion is brief—while case law on the issue is limited, courts have repeatedly and consistently ruled that the Savings Statute and provisions like it do apply to provisions such as the

Statute of Repose for medical liability. The public policy arguments made by the Government here were discussed at length in *Hinkle* and rejected. The Government seeks to distinguish *Hinkle* by noting that the provision in that case dealt specifically with minors, but that fact played no role in the court's decision, and the logic of *Hinkle* clearly applies to the more general Statute of Repose as well. While certain decisions of the Illinois Appellate Court are old, they have been reaffirmed as recently as 2010 in *Jain*, and absent any indication to the contrary, this Court accepts that they are still good law. In sum, the Government has not advanced any persuasive arguments to support its position, and the Court must deny its motion.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** the Motion to Dismiss.

**IT IS SO ORDERED.**

**DATED:   May  21, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**